**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

```
--------------------------------------------------   x
DUANE S. SAPAR,                                      :
                                                     :
            Plaintiff,                               :     Civil Action No.  3:17-cv-128
                                                     :
                  v.                                 :     COMPLAINT
                                                     :
PENNSYLVANIA DEPARTMENT                               :     Filed Electronically
OF MILITARY AND VETERANS AFFAIRS,                     :
                                                     :     Jury Trial Demanded
            Defendant.                               :
                                                     :
                                                     :
--------------------------------------------------   x
```

<u>**COMPLAINT**</u>

<u>**NATURE OF THE ACTION, JURISDICTION AND VENUE**</u>

1.      This is an individual action under the Civil Rights Act of 1866 (42 U.S.C. §1981), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3, the Rehabilitation Act of 1973 (Rehab Act), as amended (29 U.S.C. §791 et seq.), and the Americans with Disabilities Act of 1990, as amended (ADA)(42 U.S.C. §12101 et seq.), to correct unlawful employment practices on the basis of race, sex and disability and to make Plaintiff whole.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to Section 1981, Title VII, the Rehab Act and the ADA.

3.      The actions and policies alleged to be unlawful were committed in and around Duncansville, PA, where Plaintiff worked and where Defendant is located and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

4.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity
        Commission (EEOC) on the basis of race (Title VII), disability (ADA) and retaliation (Title
        VII/ADA) within the statutory period following the complained-of acts.  Plaintiff is filing
        this complaint within 90 days of receiving his Right to Sue from the EEOC (issued April
        20, 2017).

5.      There is no administrative exhaustion requirement under Section 1981 or the Rehab Act.

**PARTIES**

6.      Plaintiff Duane S. Sapar (hereinafter referred to as "Plaintiff" or "Sapar"), has resided at
        all relevant times at 317 Blaine Street, Hollidaysburg, PA 16648.  Plaintiff was employed
        by Defendant as a Registered Nurse/Nurse Supervisor from on or about November 4,
        2011, until on or about January 18, 2016, primarily at the Hollidaysburg Veterans Home.

7.      Defendant Pennsylvania Department of Military and Veterans Affairs (hereinafter referred
        to as "Defendant" or "DMVA"), is a subdivision of the Commonwealth of Pennsylvania
        and maintains the Hollidaysburg Veterans Home at 500 Municipal Drive, Duncansville, PA
        16635, where Plaintiff worked.

8.      Defendant is an employer within the meaning of Section 1981, Title VII, the Rehab Act and
        the ADA.

9.      At all relevant times, Defendant has been subject to Section 1981, Title VII, the Rehab Act
        and the ADA.

10.     Defendant is a recipient of federal financial assistance within the meaning of the Rehab
        Act.

## BACKGROUND AND STATEMENT OF CLAIMS

11.     Plaintiff was employed by Defendant as a Registered Nurse/Nurse Supervisor from on or
about November 4, 2011, until on or about January 18, 2016.

12.     Plaintiff is a male who possesses the necessary skills and qualifications to perform the
essential functions of a Registered Nurse/Nurse Supervisor within Defendant's
operations.

13.     Plaintiff performed the duties of a Registered Nurse/Nurse Supervisor satisfactorily
throughout his employment.

14.     Plaintiff suffers from significant medical conditions (e.g., anxiety and depression) within
the meaning of the ADA and the Rehab Act.

15.     These medical conditions significantly limit Plaintiff's ability to perform major life
activities (sleeping, working) as compared to the average person.

16.     Notwithstanding these conditions Plaintiff was and is capable of performing the essential
functions of a Registered Nurse/Nurse Supervisor with or without a reasonable
accommodation.

17.     These medical conditions individually and collectively constitute a substantial
impairment within the meaning of the ADA/Rehab Act.

18.     Defendant was informed of these conditions and the need for Plaintiff to be
accommodated for these conditions.

19.     In addition Plaintiff filed a charge of discrimination against Defendant with the EEOC in

July 2014 alleging sex discrimination.

20.    On or about November 20, 2015, Plaintiff was suspended.

21.    On or about January 18, 2016, Plaintiff received a letter of termination which stated that he was discharged because of a violation of the DMVA's Standards of Conduct and Work Rules and End of Shift Report and Notification, Physician, Resident and Responsible Party of the Changes in Condition policies.

22.     The letter further stated that on November 16, 2015, Plaintiff neglected his supervisor duty when he failed to follow a directive to hold a team meeting to discuss a resident's need for a "big boy" bed.

23.    The letter stated that Plaintiff neglected his supervisory duty when he failed a directive to ensure that a resident was appropriate for intermittent oxygen.

24.    The letter also stated that Plaintiff failed to properly report the residents' status on these directives.

25.    The stated reasons were, individually and collectively, false and/or exaggerated or taken out of context.

26.    Even assuming the stated reasons for the termination were factually accurate, which they were not, they did not rise to the level appropriate for termination based upon precedent and upon how other comparative employees (comparators) have been treated in similar circumstances.

27.     In fact, Plaintiff was treated differently (discriminated against) because of his race (white), sex (male) and in retaliation for filing a previous charge of discrimination in violation of Title VII and because of his disability in violation of the ADA/Rehab Act.

28.   Plaintiff's work was subjected to excessive scrutiny after filing his Charge of
      Discrimination with the EEOC.

29.   Females, non-Caucasians, and employees who had not filed previous charges were not
      disciplined as Plaintiff was for the same or similar infractions.

30.   Between the time Plaintiff originally filed his EEOC charge and his eventual termination
      Plaintiff received multiple warnings or discipline for alleged violations of Defendant's
      rules.

31.   But for Plaintiff having filed his EEOC charge, and but for his sex, race and disability
      status, he would not have been disciplined.

32.   Defendant's reasons for the warnings and discipline were a pretext for sex, race and
      disability discrimination, and in retaliation for Plaintiff filing his charge.

33.   Defendant's actions are a violation of Section 1981, Title VII, the ADA and the Rehab Act.

34.   Plaintiff is seeking lost wages; liquidated damages; lost benefits (including retirement
      and health benefits); compensatory damages; attorney's fees; and, costs for the
      violations of Section 1981, Title VII, the ADA and the Rehab Act.

                        **COUNT I:  Section 1981 – Race Discrimination**

35.   Plaintiff incorporates by reference the preceding paragraphs of this complaint as though
      the same were set forth fully herein.

36.   Plaintiff is in the protected group based on race (white).

37.     Plaintiff was treated less favorably by Defendant than non-Caucasians in similar circumstances.

38.     Plaintiff was qualified for his position as a Registered Nurse/Nurse Supervisor.

39.     Plaintiff performed his job satisfactorily throughout the course of his employment with Defendant.

40.     Defendant took adverse employment actions against Plaintiff, including termination of his employment, as a result of disparate treatment based on race.

41.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered tangible and intangible losses in the form of lost wages, lost benefits, lost promotional opportunities, humiliation and mental anguish and damage to reputation.

42.     Under Section 1981, Plaintiff seeks to recover an amount equal to these tangible and intangible losses, as well as interest, attorneys' fees and costs.

<u>COUNT II: Title VII – Sex Discrimination</u>

43.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

44.     Plaintiff is in the protected group based on sex (male).

45.     Plaintiff was treated less favorably by Defendant than females in similar circumstances.

46.     Plaintiff was qualified for his position as a Registered Nurse/Nurse Supervisor.

47.     Plaintiff performed his job satisfactorily throughout the course of his employment with Defendant.

48.     Defendant took adverse employment actions against Plaintiff, including termination of his employment, as a result of disparate treatment based on Plaintiff's sex.

49.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered tangible and intangible losses in the form of lost wages, lost benefits, lost promotional opportunities, humiliation and mental anguish and damage to reputation.

50.     Under Title VII, Plaintiff seeks to recover an amount equal to these tangible and intangible losses, as well as interest, attorneys' fees and costs.

51.     Because Defendant's violations of the law were knowing, willful, and malicious, Plaintiff also seeks to recover punitive damages.

<u>COUNT III:  Title VII – Retaliatory Discharge</u>

52.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

53.     At all times Plaintiff was qualified for his position as a Registered Nurse/Nurse Supervisor.

54.      At all times Plaintiff performed his job satisfactorily.

55.      On or around January 18, 2016, Defendant terminated Plaintiff's employment.

56.      Defendant gave Plaintiff false reasons for his termination.

57.       Defendant's termination of Plaintiff was pretextual.

58.       In fact, a motivating factor of the termination was to retaliate against Plaintiff for filing his first EEOC charge of discrimination.

59.       Under Title VII, Plaintiff is entitled to recover from Defendant wages and benefits lost due to his unlawful termination, compensatory damages, interest, attorneys' fees, and costs.

<u>Count IV:  ADA/Rehab Act– Disability Discrimination</u>

60.       Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

61.       Plaintiff is disabled within the meaning of the ADA/Rehab Act due to his medical conditions (including anxiety and depression) and the permanent limitations resulting therefrom.

62.       These conditions are a substantial impairment.

63.       Defendant knew that Plaintiff suffered from a substantial impairment.

64.       Defendant regarded Plaintiff as having a substantial impairment that substantially limited, or would substantially limit, Plaintiff's ability to perform work tasks.

65.       Notwithstanding his impairment Plaintiff was and still is qualified to perform the essential functions of available jobs with or without a reasonable accommodation.

66.       Plaintiff suffered an adverse employment action when Defendant terminated him on or about January 18, 2016.

67.       Defendant's decision to terminate Plaintiff's employment was the result of intentional discrimination against Plaintiff because of Plaintiff's disability, and because of Defendant's refusal to provide Plaintiff with a reasonable accommodation for his condition.

68.       As a result of Defendant's intentional discrimination, Plaintiff suffered substantial

damages in the form of lost wages, lost benefits, and emotional distress.

69.     Plaintiff is entitled to recover the value of the lost wages and benefits as well as compensatory damages for emotional distress, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

70.     WHEREFORE, Plaintiff respectfully requests that this Court:

   A.     Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them from engaging in unlawful employment actions or practices which violate Section 1981, Title VII, the ADA and the Rehab Act.

   B.     Order Defendant to make Plaintiff whole by paying appropriate back pay with prejudgment interest, in amounts to be proven at trial, liquidated damages and other affirmative relief – including reinstatement - necessary to eradicate the effects of its unlawful employment practices.

   C.     Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

   D.     Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

   **/s/Joseph H. Chivers**
**Joseph H. Chivers, Esquire**
**PA ID No. 39184**
**Suite 650**
**100 First Avenue**
**Pittsburgh, PA  15222-1514**
**jchivers@employmentrightsgroup.com**
**(412) 227-0763 / (412) 774-1994 FAX**

**Counsel for Plaintiff**
Dated: <u>July 17, 2017</u>                                    **Duane S. Sapar**