IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUANE S. SAPAR,

          Plaintiff,

   v.

PENNSYLVANIA DEPARTMENT OF
MILITARY AND VETERANS AFFAIRS,

          Defendant.

Civil Action No. 17-128-KRG

JUDGE KIM R. GIBSON

## ANSWER AND AFFIRMATIVE DEFENSES

And now comes the Defendant, **Pennsylvania Department of Military and Veterans Affairs**, who file the within Answer and Affirmative Defenses, and in support of, set forth as follows:

1. Legal conclusion.
2. Legal conclusion.
3. Legal conclusion.
4. Legal Conclusion.
5. Legal conclusion.
6. Admitted.
7. Admitted.
8. Legal conclusion.
9. Legal conclusion.
10. Legal conclusion
11. Admitted.
12. Admitted Plaintiff is a male.  The remaining allegations are legal conclusions.

13. Denied. On numerous occasions Plaintiff failed to perform his duties in a satisfactory manner. By way of further response, Plaintiffs performance reviews will show numerous occasions where he scored below satisfactory in particular tasks/work requirements. Further, Defendant was compelled to engage in the discipline process for Plaintiff on numerous occasions because of his failures to do his job.

14. Legal conclusion. To the extent a further response is necessary, Defendant does not have sufficient knowledge or information to form a belief as to this allegation.

15. Legal conclusion. To the extent a further response is necessary, Defendant does not have sufficient knowledge or information to form a belief as to this allegation.

16. Legal conclusion. To the extent a further response is necessary, Defendant does not have sufficient knowledge or information to form a belief as to this allegation.

17. Legal conclusion. To the extent a further response is necessary, Defendant does not have sufficient knowledge or information to form a belief as to this allegation.

18. Defendant does not have sufficient knowledge or information to form a belief as to this allegation, although it is admitted that Plaintiff provided some limited information, in writing, to Defendant about a health condition when he applied for FMLA leave.

19. This allegation refers to an administrative filing made by the Plaintiff. The filing, and the timing of the filing are reflected in the written documentation and require no response. It is admitted, generally, that Plaintiff did file a charge with the EEOC.

20. Admitted.

21. It is admitted that Plaintiff received such a letter on or about the time alleged. The letter speaks for itself and any effort to summarize or "cherry-pick" language out of context are denied, as the letter speaks for itself.

22. The letter speaks for itself and any effort to summarize or "cherry-pick" language out of context are denied, as the letter speaks for itself.

23. The letter speaks for itself and any effort to summarize or "cherry-pick" language out of context are denied, as the letter speaks for itself.

24. The letter speaks for itself and any effort to summarize or "cherry-pick" language out of context are denied, as the letter speaks for itself.

25. Denied. To the contrary, the reasoning in the letter is accurate and reflective of the reasons leading to Plaintiffs discharge.

26. Denied as stated. The reasoning in the letter is accurate and indicates misconduct that rises to the level of termination. The remaining allegations are legal conclusions. To the extent a further response is necessary, it is denied that any action was taken as a result of discriminatory intent, or that Plaintiff was treated differently than others because of his gender, race or because of a disability or in retaliation.

27. Legal conclusion. To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior and it is further asserted that Plaintiff was terminated for his poor work performance.

28. Denied. By way of further response, Plaintiff was provided multiple disciplines and warnings prior to his July 2014 filing of charges with the EEOC, including reprimand for an unauthorized absence on May 29, 2014; a suspension in April of 2014 citing to several occasions in January, February and March of 2014 wherein Plaintiff neglected his supervisory duties; a July 2, 2014 suspension for failing to perform assigned tasks on several occasions in May and June of 2014. All of these incidents involved serious misconduct and occurred prior to the EEOC filling or at the least, prior to any

supervisor being knowledgeable about such a filing. Defendants assert that discovery may reveal that Plaintiff engaged in the process of filing the July 2014 EEOC Charge as a precursor to, and in an attempt to build evidence of, a retaliation lawsuit.

29. Legal conclusion. To the extent a further response is necessary, Defendant does not have sufficient knowledge or information to form a belief as to this allegation.

30. Admitted to the extent that Defendant had tried to engage in progressive discipline for plaintiffs multiple infractions, eventually leading to his termination. Denied that his EEOC charge had anything to do with his termination, or the multiple warnings or disciplines. Indeed many or the disciplines and warnings occurred prior to his EEOC filing.

31. Denied.

32. Denied.

33. Legal conclusion. To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior and it is further asserted that Plaintiff was terminated for his poor work performance.

34. Legal conclusion. To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior and it is further asserted that Plaintiff was terminated for his poor work performance.

## COUNT I: SECTION 1981- RACE DISCRIMINATION

35. Defendant incorporates by reference all of the preceding paragraphs.

36. Legal conclusion.

37. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior and it is further asserted that Plaintiff was terminated for his poor work performance.

38. Legal conclusion.

39. Denied. On numerous occasions Plaintiff failed to perform his duties in a satisfactory manner.

40. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

41. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

42. Legal conclusion.

## COUNT II: TITLE VII- SEX DISCRIMINATION

43. Defendant incorporates by reference all of the preceding paragraphs.

44. Legal conclusion.

45. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

46. Legal conclusion.

47. Denied. On numerous occasions Plaintiff failed to perform his duties in a satisfactory manner.

48. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

49. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

50. Legal conclusion.

51. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

### COUNT III: TITLE VII- RETALIATORY DISCHARGE

52. Defendant incorporates by reference all of the preceding paragraphs.

53. Legal conclusion.

54. Denied. On numerous occasions Plaintiff failed to perform his duties in a satisfactory manner.

55. Admitted.

56. Denied.

57. Legal conclusion.  To the extent a further response is required, it is denied that Defendant engaged in any inappropriate behavior.

58. Denied.

59. Legal Conclusion.

### COUNT IV: ADA/REHAB ACT- DISABILITY DISCRIMINATION

60. Defendant incorporates by reference all of the preceding paragraphs.

61. Legal conclusion.

62. Legal conclusion.

63. Legal Conclusion.  To the extent a further response is necessary the allegations are denied.

64. Legal Conclusion.  To the extent a further response is necessary the allegations are denied.

65. Legal conclusion.

66. Legal conclusion.  Admitted Plaintiff was terminated.

67. Legal Conclusion.  To the extent a further response is necessary the allegations are denied.

68. Legal Conclusion.  To the extent a further response is necessary the allegations are denied.

69. Legal Conclusion.  To the extent a further response is necessary the allegations are denied.

70. Wherefore Defendant demands judgment in its favor.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to raise a claim upon which relief can be granted against the Defendant.

2. The present action may be barred, in part, by the applicable statute of limitations.

3. At all relevant times, Defendant's employees were acting in good faith and did not act in any way known to be inappropriate

4. This action may be barred, in part, by the Sovereign Immunity Act, 42 Pa.C.S.A. §8521, et seq.

5. Plaintiff may have failed to exhaust his administrative remedies, and therefor may not have the ability to proceed with some of these claims.

6. At all points in time, Defendants had legitimate, non-discriminatory, non-retaliatory reasons for Plaintiff's disciplines and termination.

7. Defendant asserts the 11th Amendment immunity provided to the Commonwealth as a defense to some or all of the Plaintiffs claims.

Respectfully submitted,

JOSH SHAPIRO
Attorney General


/s/ *Michael Kennedy*
MICHAEL KENNEDY

                                      Deputy Attorney General
                                      PA ID 52780

                                      KENNETH JOEL
                                      Chief Deputy Attorney General
                                      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219