UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------- x
DUANE S. SAPAR,                                    :
                                                   :
        Plaintiff,                                 :    Civil Action No. 3:17-cv-128
                                                   :
                                                   :    Judge Kim R. Gibson
        v.                                         :
                                                   :    Electronically Filed
PENNSYLVANIA DEPARTMENT                            :
OF MILITARY AND VETERANS                           :
AFFAIRS,                                           :
                                                   :
        Defendant.                                 :
                                                   :
-------------------------------------------------- x
```

**Fed. R. Civ. P. 26(f) Report of the Parties**

**1. Identification of Counsel and Unrepresented Parties.**

| | |
|---|---|
| Joseph H. Chivers, Esq. | Michael Kennedy, Esq. |
| jchivers@employmentrightsgroup.com | Deputy Attorney General |
| THE EMPLOYMENT RIGHTS GROUP | mkennedy@attorneygeneral.gov |
| First & Market Building | Commonwealth of Pennsylvania |
| 100 First Avenue, Suite 650 | OFFICE OF ATTORNEY GENERAL |
| Pittsburgh, PA  15222 | Western Regional Office |
| Tel.:  (412) 227-0763 | 6th Floor, Manor Complex |
| Fax:  (412) 774-1994 | 564 Forbes Avenue |
| | Pittsburgh, PA 15219 |
| *Counsel for Plaintiff* | Tel.:  (412) 565-7495 |
| *Duane Sapar* | |
| | *Counsel for Defendant* |
| | *Pennsylvania Department of Military and* |
| | *Veterans Affairs* |

**2. General Nature of the Case.**

This is an individual action in which Plaintiff Duane Sapar alleges violations of the Civil Rights Act of 1866 (42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990.

**3. Rule 26(f) Conference.**

Counsel for the parties conferred via email on September 27, 2017, and November 3, 2017, to exchange drafts and ideas.

1

**4. Rule 16 Initial Scheduling Conference.**

The Initial Scheduling Conference is scheduled for November 14, 2017, at 1:30 pm before Judge Kim R. Gibson.

**5. Anticipated Rule 12 Motions.**

Plaintiff filed the complaint on July 17, 2017. (Dkt. no. 1.) Defendant filed an answer to the complaint on September 21, 2017. (Dkt. no. 9.) No dispositive motions under Rule 12 are anticipated at this time.

**6. ADR Process.**

The parties have agreed to ADR, but have different positions on the type: Plaintiff prefers a mediation; Defendant prefers an ENE. The Parties request that the ADR be characterized as an ENE/Mediation in order to address the respective positions and thereby allow Defendant to not feel compelled to offer money to settle the case while at the same time not foreclosing that option should Defendant decide to do so. Regarding time frame for completion, the parties agree that the ENE/Mediation should be completed within 60 days after the Initial Scheduling Conference.

**7. Changes to Timing, Form, or Requirements of Rule 26(a) Disclosures.**

The parties propose that Rule 26(a) disclosures shall be made by November 28, 2017. The parties do not propose any other changes to the timing, form, or requirements for their Rule 26(a) disclosures.

**8. Subjects on Which Fact Discovery May Be Needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein.)

The parties anticipate that fact discovery may be needed on the following subjects: Defendant's knowledge of Plaintiff's medical conditions; Defendant's communications with the EEOC after the filing of Plaintiff's initial charge in July 2014; the extent to which comparators were treated more favorably in similar circumstances; the circumstances surrounding Plaintiff's termination; and, Plaintiff's damages.

**9. Suggested Discovery Deadlines.**

    a. Date by which Rule 26(a) disclosures will be made: **November 28, 2017.**

    b. Date by which any additional parties shall be joined: **December 14, 2017.**

    c. Date by which the pleadings shall be amended: **December 14, 2017.**

    d. Date by which fact discovery should be completed: **March 14, 2018.**

  e. Proposed discovery phases and dates of proposed discovery phases:  **N/A.**

  f. Date by which plaintiff's expert reports should be filed:  **N/A.**

  g. Date by which depositions of plaintiff's expert(s) should be completed:  **N/A.**

  h. Date by which defendant's expert reports should be filed:  **N/A.**

  i. Date by which depositions of defendant's expert(s) should be completed:  **N/A.**

  j. Date by which third party expert's reports should be filed:  **N/A.**

  k. Date by which depositions of third party's expert(s) should be completed:  **N/A.**

**10. Stipulated Discovery Limitations.**

  The parties anticipate that the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule will be appropriate for the duration of this case.

**11. Special Deadlines, Procedures, or Orders re:  Electronically Stored Information.**

  The Parties may request production of electronic or computer-based media ("Electronic Stored Information" or "ESI") in discovery.  The parties anticipate that discovery will involve the review of electronic communications (including e-mail), and that litigation holds should be in place to preserve e-mails and other electronic files containing information of potential relevance to the claims and defenses raised in the pleadings.  As a guideline, the Parties agree that they may produce ESI on a rolling basis beginning 30 days after a request.  In the event that either party contends that they will be unable to meet this guideline, the Parties shall meet and confer with a view to agreeing to production of the requested materials within a reasonable time.

  The parties agree that any responsive, non-privileged electronically stored information should be produced in .TIFF format with extracted text and selected metadata, or in another form that is reasonably usable, subject to further agreement of the parties or order of the Court, except that spreadsheet files (*e.g.*, .csv files, Excel files) shall be produced in native format.

  a. <u>ESI</u>.  Is either party seeking the discovery of ESI in this case?  X Yes ☐ No

  b. <u>Metadata</u>.  Will any metadata be relevant in this case?  X Yes ☐ No

    i. Specifically, e-mail metadata.

  c. <u>Format</u>.  Have the parties agreed on the format(s) for production of ESI?  X Yes ☐ No

    i. Specifically, the parties shall produce ESI in accordance with guidelines developed in good faith in the course of discovery.

  d. <u>Clawback Agreement</u>.  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1D?  X Yes ☐ No

    e. <u>Search Terms</u>. Have the parties agreed on any protocol for review of electronic data? ☐ Yes X No.

        i. The parties agree to work together in good faith to determine a mutually agreeable search protocol that is reasonable in light of the ESI architectures and other ESI-related circumstances implicated by the claims and defenses raised in the case.

    f. <u>Accessibility</u>. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? ☐ Yes X No.

        i. There is no dispute concerning what ESI is "reasonably accessible" at this time.

    g. <u>Preservation</u>. Are there any unresolved issues pertaining to the preservation of ESI?

        i. No unresolved issues at this time.

    h. <u>Other</u>. Identify all outstanding issues or disputes concerning ESI.

        i. No outstanding issues or disputes at this time.

**12. Post-Discovery Status Conference.**

The parties have elected to schedule a Post-Discovery Status Conference following the completion of Fact Discovery.

The parties have not proposed dates for the following scheduling items:

    a. Settlement and/or transfer to an ADR procedure: _____.

    b. Dates for the filing of expert reports and the completion of expert discovery: _____.

    c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed: _____.

    d. Dates by which parties' pre-trial statements should be filed: _____.

    e. Dates by which in limine and Daubert motions and responses thereto should be filed: _____.

    f. Dates on which motions in limine and Daubert motions shall be heard: _____.

    g. Dates proposed for final pre-trial conference: _____.

    h. Presumptive and final trial dates: _____.

**13. Court Orders Pursuant to Fed. R. Civ. P. 16(b) or 26(c).**

The parties do not agree to any additional orders to be entered by the Court pursuant to Fed. R. Civ. P. 16(b) or 26(c).

**14. Special Master.**

The parties currently do not anticipate the need for the Court to appoint a special master pursuant to Rule 53.

**15. Disagreements on Deadlines.**

The parties agree on all subjects for which a report is required as set forth above.

**16. Possibility of Settlement.**

Plaintiff will make a demand in advance of any alternative dispute resolution.

Respectfully submitted,

s/ Joseph H. Chivers

Joseph H. Chivers, Esq.
*Counsel for Plaintiff*

s/ Michael Kennedy

Michael Kennedy, Esq.
*Counsel for Defendant*